# Patrick Nugent *v.* The Philadelphia Traction Company, Appellant.

*Practice, Supreme Court—Constitutional law—Act of May* 20, 1891.

The Act of May 20, 1891, P. L. 101, which gives the Supreme Court " power in all cases to affirm, reverse, amend or modify a judgment, order or decree appealed from, and to enter such judgment, order or decree in the case as the Supreme Court may deem proper and just, without returning the record for amendment or modification to the court below, and may order a verdict and judgment to be set aside and a new trial had," does not infringe upon the right of trial by jury, and is constitutional.

*Practice, Supreme Court—Modification of judgment of reversal.*

Where the Supreme Court has reversed a judgment of the court below without awarding a new venire, it may subsequently amend the judgment of reversal by adding thereto a formal judgment in favor of the defendant, under the authority conferred by the act of May 20, 1891, sec. 2.

Petition by defendant to amend judgment of reversal by adding thereto a formal judgment in favor of the defendant. January term, 1896, No. 602.

From the record it appeared that on May 3, 1897, the Supreme Court reversed the judgment of the court below, 181 Pa. 160, and the following decree was entered : " The first and second specifications of error are sustained, and the judgment appealed from is reversed." A venire facias de novo was not awarded.

The averments of the petition are as follows :

" Since the said judgment of this Court was entered, reversing the judgment of the court below, the said Patrick Nugent, the plaintiff and appellee in the said suit, has commenced another suit in the Circuit Court of the United States for the Eastern District of Pennsylvania, on the same cause of action, repeating in substance in his statement of claim all the averments that were contained in his statement of claim in the court of common pleas No. 2, for the county of Philadelphia ; that is to say, he seeks to recover damages against the Philadelphia Traction Company for personal injuries by him sustained on August 23, 1893, about 8 P. M., through the negligence of the defendant, the Philadelphia Traction Company, in the operation of its cable car on Market street, near Fifteenth street, as he

did in the said suit in the court of common pleas for Philadelphia county.

"In the suit pending in the United States Circuit Court the plaintiff assigns as his reason for seeking a fresh court, after exhausting his chances in the courts of Pennsylvania, that he is not a citizen of the United States.

"Your petitioner respectfully represents that the judgment entered on the dockets of this Court on the 3d day of May, 1897, was merely 'judgment reversed,' and that if said judgment be pleaded in the United States Court in its present form, it may not fully appear that this Court has determined the litigation by a final judgment for the appellant (defendant below), as is expressed by the opinion delivered, and that your petitioner may again be obliged to defend, in a new forum, this cause which has been determined after four years' litigation in this forum which was selected by the appellee (plaintiff below)."

The answer admitted that a suit had been instituted in the United States Circuit Court, and averred that the plaintiff had discovered new testimony, and also set up laches of the appellant.

The case was heard upon petition and answer.

*Thaddeus L. Vanderslice* and *Thomas Leaming*, for petitioner. —In Fries v. P. R. R., 98 Pa. 142, this Court decided that a judgment of "judgment reversed" without a venire is not such a final judgment as would preclude the bringing of another action for the same subject-matter. When that case was first in this Court, 87 Pa. 234, it was an action for damages for personal injuries in which there was a judgment for the plaintiff, which was reversed by this Court. Another action was then brought for the same cause to which the defendant pleaded the judgment of reversal, but upon demurrer this Court held the plea to be bad.

It is feared that in the face of this decision the Circuit Court of the United States will not give the effect to the judgment in this case as at present docketed, which the opinion shows to have been the intention of this Court, and the petitioner is also desirous of collecting its costs, and does not wish to bear the expense of repeated trials of this already disposed of case.

*Harvey K. Newitt* and *Ellery P. Ingham,* contra.—If this act is to be construed as giving this Court power to enter a judgment in this case without a verdict to support it, and, in fact, in spite of the verdict of the jury, it is palpably unconstitutional as violative of article I., section 7, of the constitution of Pennsylvania, which declares " trial by jury shall be as heretofore and the right thereof remain inviolate:" Parsons v. Bedford, 3 Peters, 433; Chicago, etc., R. R. v. Chicago, 166 U. S. 226; Stewart v. Trustees, 44 N. W. R. 1092; Latremouille v. Ry. Co., 63 Vt. 336; Bank v. Lumber Co., 43 Ill. App. 529; Holton v. McPike, 27 Kansas, 289; Buckley v. Duff, 111 Pa. 223.

To grant this motion the Supreme Court must also hold that the act of May 20, 1891, repeals the act of March 27, 1713: First Smith's Laws, 76, section 2.

The appellant has been guilty of such delay and laches in presenting its petition that it is not entitled to have it considered: Sibbald v. U. S., 12 Peters, 491; Bronson v. Schulten, 14 Otto, 410; Stephens v. Cowan, 6 Watts, 513; Mathers v. Patterson, 33 Pa. 487; Catlin v. Robinson, 2 Watts, 379; Elder v. Richmond Gold & Silver Mining Co., 7 C. C. A. Reps. 354.

OPINION BY MR. JUSTICE WILLIAMS, November 10, 1897 :

This is an application to this Court to amend the judgment of reversal entered in this case by adding thereto a formal judgment in favor of the defendant, under the authority conferred by the act of May 20, 1891, section second. The provision referred to declares that " the Supreme Court shall have power in all cases to affirm, reverse, amend or modify a judgment, order or decree in the case as the Supreme Court may deem proper and just, without returning the record for amendment or modification to the court below, and may order a verdict and judgment to be set aside and a new trial had." This phraseology is comprehensive enough to authorize the entry of the amended judgment now asked for. Two preliminary questions require a brief consideration. First, is the act constitutional? Second, ought the judgment to be entered upon a consideration of the merits of the case? The general question of the constitutionality of the act was before us in Smith v. The Times Publishing Company et al., 178 Pa. 481, in which we held after full consideration, that it did not infringe upon the right of trial by

jury, and was constitutional. In that case the assignments of error to the rulings of the court below were not sustained, but we reviewed the exercise of the discretionary powers of the court in the refusal of a new trial and, finding such action to have been an abuse of discretion, we set aside the verdict and judgment and ordered a new trial to be had. What is now asked is that as this Court "deemed it proper and just" to refuse a venire facias de novo because no cause of action was disclosed by the evidence, it should make an end of the contention by entering a formal judgment for the defendant. The whole case is before us. It shows that the plaintiff ought not either as matter of law, or as a matter of justice, to maintain his action, and we know of no rule of public policy nor of any constitutional guaranty that should prevent our saying so.

Second, is the amendment one that ought to be made? The recovery rested on a mistake of law by the court below. We have corrected the mistake and reversed the judgment for that reason, but we have declined to award a new venire because on the evidence the plaintiff was himself responsible for the injury he received. We do therefore by allowing this amendment what the court below should have done. We apply the correct rule of law to the established facts of the case, and enter the judgment to which the defendant is entitled, and which the act of 1891 expressly authorizes.

The motion is granted. Let judgment be now entered in favor of the defendant nunc pro tunc as of the date of the judgment of reversal heretofore entered.