189     489
22 SC   156

William Neel, Samuel C. Neel, Thomas Neel, Washington C. Neel, Joseph Neel, George Neel and Alfred Brouff, Guardian of the minor children of John Neel, deceased, Appellants, *v.* Victor K. McElhenny, Guardian of John Elmer, William Clinton and Mary Salina McElhenny, minor children of Mary McElhenny, deceased.

*Practice, common pleas—Non pros.—Delay ın prosecuting cause.*

Where an action of ejectment has been reversed by the Supreme Court, and the plaintiff waits twenty-five years to take the case back by remittitur to the common pleas to proceed in due course to trial, some of the parties having died and rights of other parties having intervened by conveyances in the mean time, a judgment of non pros. is properly entered.

Argued Nov. 12, 1898. Appeal, No. 56, Oct. T., 1898, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1867, No. 12, entering non pros. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Motion to take off non pros. in an action of ejectment.

The facts appear by the opinion of the Supreme Court.

The court in an opinion by WHITE, P. J., refused to take off the non pros.

*Errors assigned* were in refusing to take off non pros.

*A. L. Large*, with him *John R. Large*, for appellants.—Where both parties are on an equality and have the power to bring the case to trial and final disposition, neither can profit by the laches of the other: Hemphill v. McClimans, 24 Pa. 371; Ward v. Patterson, 46 Pa. 372.

Irregularities in pleadings, defects in service, want of jurisdiction and such questions are waived by going to trial: Hemphill v. McClimans, 24 Pa. 371; Superior Nat. Bank v. Stadelman, 153 Pa. 638; DuBois Opera House v. DuBois Boro., 16 Pa. C. C. R. 210; Larkin v. Scranton, 162 Pa. 289; Potter v. McCoy, 26 Pa. 458.

The lower court has no jurisdiction over the case until the

record is actually returned and filed, and that date fixes the time at which proceedings recommence in that court: Cox v. Henry, 36 Pa. 445.

*S. Schoyer, Jr., Wm. B. Rodgers, D. S. McCann* and *Henry R. Ewing,* for appellees, were not heard, but cited in their printed brief: Huffman v. Stiger, 1 Pittsburgh, 185; Waring Bros. & Co. v. Penna. R. Co., 176 Pa. 172; Van Loon v. Smith, 103 Pa. 238.

PER CURIAM, January 3, 1899:

In Waring Bros. v. Penna. R. Co., 176 Pa. 172, we reviewed at some length the question of entering a judgment of non pros. on account of the long delay of a plaintiff in pursuing his action after writ issued. In that case the delay was fifteen years and we held that the excuses offered were not sufficient, and sustained the non pros. In the present case the judgment of reversal by this Court was entered on October 16, 1871. It was then the duty of the plaintiffs to take out a remittitur and bring back the record to the common pleas and proceed in due course with the trial. But nothing of the kind was done. No remittitur was taken out by the plaintiffs and nothing more was done until on June 24, 1896, when the defendant obtained a remittitur, brought back the record and had the cause set down for trial. The defendant then moved for a non pros. which was ordered. Some excuse was offered that the papers could not be found, but as the court below well says, the excuse was entirely insufficient, as the loss of papers could have been easily supplied. The learned court also well says in the opinion on the motion for a non pros.: " Since the decision of the Supreme Court defendants or their heirs or vendees have been in possession twenty-six years. Several parties have died and several conveyances have been made in the mean time. None of these parties have been made parties to the suit. To go on with this suit, brought in 1866, and after a delay of twenty-five years after the decision of the Supreme Court, would be a great injustice to them." We also are clearly of opinion that this very long delay in the prosecution of the plaintiff's action was a just cause of non pros.

Judgment affirmed.