The Atlas Mutual Insurance Company, a Corporation, *v.* Charles H. Downing, Receiver of The Philadelphia Mutual Fire Insurance Company, Appellant.

*Insurance—Time limitation of right of action—Construction of policy— Effect of later and superadded agreements.*

The limitation of the time for the bringing of suit is a provision binding upon the parties to the policy. Such a limitation is not waived by an attached or added provision to the effect that the policy is " subject to the same risks, valuations, privileges, conditions, assignments and mode of settlement as are, or were, or may be assumed or adopted by the reinsured company, and to cover such property as may be protected by the said reinsured company and loss to be paid at the same time." Such a clause does not relieve the plaintiff company from the obligation to bring suit within the twelve months next after the fire.

Nor will the fact that the policy was canceled and payment of the re-

turn premium made, coupled with a written stipulation " that it is understood and agreed that the defendant company is liable for all losses that may have occurred prior to this date," operate to revoke the time stipulation. Although made after the fire in question such paper is part of the policy sued upon, and is to be so construed.

Argued Oct. 16, 1899. Appeal, No. 162, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1899, No. 578, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before PENNYPACKER, P. J.

It appears from the record that this was an action of assumpsit upon a policy of fire insurance issued by the company of which defendant is receiver, to the plaintiff, dated April 27, 1896.

A statement of claim was filed setting forth the loss, amounting in the aggregate to $934.92, by reason of fires occurring respectively May 7, 1896, May 11, 1896, May 13, 1896, May 17, 1896, and July 1, 1896.

The policy contained a condition requiring the insured to render a statement within sixty days after the fire occurred, signed and sworn to, stating the knowledge of the insured as to the time and origin of the fire, the interest of the insured and all others in the property, the cash value of each item and the amount of loss.

The policy further provided : " No suit or action for recovery of any claim shall be sustainable in any court of law until full compliance with the requirements of the policy, nor unless commenced within twelve months next after the fire."

An affidavit of defense was filed setting forth the breach of these conditions in that no statement was rendered stating the knowledge of the insured as to the time and origin of the fire, the interest of the insured and others in the property, the cash value and amount of loss, that there was no waiver of this condition, and that the present suit was not instituted until April 14, 1899, more than twelve months after the fire.

Other facts appear from the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense for $934.92. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*J. Willis Martin,* with him *Eli Kirk Price,* for appellant.— No opinion having been delivered by the learned judge before whom the rule for judgment for want of a sufficient affidavit of defense was argued, it does not appear upon what ground the decision was based.

Counsel for the rule submitted in argument that there was a waiver of the conditions of the policy upon which defendant relied.

To sustain the decision of the lower court will require a reversal of the law as established by this court and the Supreme Court of the commonwealth: Northwestern Insurance Co. v. Phœnix Co., 31 Pa. 448; Ins. Co. v. Conover, 98 Pa. 384; Warner v. Ins. Co., 37 Leg. Int. 475; Ins. Co. v. Barr, 94 Pa. 345; Ins. Co. v. Weiss, 106 Pa. 20; Ins. Co. v. Brown, 128 Pa. 386; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137; Shroeder v. Ins. Co., 2 Phila. 286.

No act of the insurer induced a postponement of the action until the expiration of twelve months after the fire.

At the date when the insurer was dissolved all plaintiff's claims except one for $58.22 were barred. The legal death of the corporation could not affect the limitation to any greater extent than the physical death of an individual debtor will prevent the running of the statute of limitations: Yorks's App., 110 Pa. 69; Man v. Warner, 4 Whart. 455; Campbell v. Fleming, 63 Pa. 242.

In the one case the claimant has the right to a receiver, which was exercised here, but too late; in the other he is entitled to administration.

*Robert J. Byron,* for appellee.—The question at issue depends entirely upon the construction of certain clauses in the printed form of policy, which were waived and modified by certain other provisions added and annexed thereto.

Therefore the exact point to be decided is whether the words

of the added provisions waive or modify the sections of the regular printed form of policy to the extent insisted upon by the appellee.

Even if it be assumed that the "subject to the same risks and mode of settlement" clause did not by the strongest implication and necessity waive the "sixty days" clause, yet this clause becomes inoperative by reason of the well recognized method pursued in construing provisions added to a regular printed form of policy, which are inconsistent with one or more of its sections. In such a case it is held that the added provisions must prevail over the inconsistent provisions appearing in the regular printed form of policy. This principle, which is announced in 1 Joyce on Insurance, sec. 196, p. 272, was decided in the case of St. Paul Ins. Co. v. Kidd, 55 Fed. Rep. 238.

For further amplification of the appellee's contention that the "sixty days" clause was waived, attention is called to an agreement, under date of September 1, 1896, contained in lines seventy-five to eighty-five of the policy, in which the Philadelphia Mutual Fire Insurance Company, after the sixty days' time limitation referred to had expired, specifically agreed, inter alia, in consideration of the cancelation of the policy, to be liable "for any and all losses that may have occurred prior to this date."

The appellee takes the position that the time limitation clause was absolutely waived, and entirely expunged from the policy, and hence the question last raised by the appellant is wholly unimportant.

It is now well recognized, as a general rule, that when a stipulation or an exception to a policy of insurance, emanating from the insurers, is capable of two meanings, the one is to be adopted which is most favorable to the insured: Humphreys v. Benefit Association, 139 Pa. 264.

A provision requiring suit to be brought within a certain time may be waived, and its waiver may be inferred from acts and conduct on part of the insurer: 4 Joyce on Insurance, sec. 3207, p. 3134; Shearman v. Ins. Co., 46 N. Y. 526.

Courts will construe this provision, as a rule, against the insurer, and "will not scan very closely evidence introduced by the insured to rebut a technical forfeiture:" Thierolf v. Ins. Co., 110 Pa. 37.

OPINION BY WILLIAM W. PORTER, J., January 17, 1900:

This suit is upon a policy of reinsurance against loss by fire. Among the clauses contained in the policy is the following: " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Fires occurred on May 7, 11, 13 and 17, 1896, and July 1, 1896. For these losses the plaintiff company alleges that it is now entitled to recover from the Philadelphia Mutual Fire Insurance Company of which the defendant is the receiver. The summons in the present case issued on April 14, 1899, nearly three years " next after the fire " which last occurred.

The limitation of the time for the bringing of suit is a provision binding upon the parties to the policy: Flynn v. Peoples' Ins. Co., 4 Pa. Superior Ct. 137. The condition is contained in one of the clauses of the printed form. It is claimed to have been waived by certain other provisions attached to the policy. The defendant denies this. The question before us is therefore not one of estoppel or waiver based upon acts or statements dehors the writing, but one of construction. The first attached or added provision relied upon as waiving the clause of limitation is " subject to the same risks, valuations, privileges, conditions, assignments and mode of settlement as are or were or may be assumed or adopted by the reinsured company and to cover such property as may be protected by the said reinsured company, and loss to be paid at the same time."

Assuming the law to be that added or attached clauses inconsistent with formal and printed conditions must override the latter, we are of opinion that the clause just quoted does not relieve the plaintiff company from the obligation to bring suit " within twelve months next after the fire." The burden of the plaintiff's argument is laid on the language, " subject to . . . . the mode of settlement . . . . assumed or adopted by the reinsured company " and " loss to be paid at the same time."

The words " mode of settlement " relate to manner of adjustment. There is no express reference to the time within which it shall be made, while there is express limitation of the time for bringing suit. To say that the loss shall be paid " at the

same time " does not necessarily stop the running of the period of limitation, since the right of action accrued to the plaintiff company when the loss was incurred and ascertained, not when payment was made : Goodrich's & Hick's Appeal, 109 Pa. 523 ; Fame Ins. Co.'s Appeal, 83 Pa. 396. It is true, as contended by the plaintiff company, that where the language of a policy will admit of two interpretations that must be adopted which most favors the assured (Teutonia, etc., Ins. Co. v. Mund, 102 Pa. 94), provided it be a reasonable construction : Commonwealth Ins. Co. v. Globe Mutual Ins. Co., 35 Pa. 475.

If, therefore, the mode of settlement is one within the provisions of the policy, as, for example, under the clause providing for arbitration, and this agreed mode of settlement results in deferring the ascertainment of the amount of the loss until a time beyond the period of limitation for the bringing of the suit, the clause of limitation must be restrained in its application. In the present case, however, no postponement in the ascertainment of the loss appears to have been occasioned by any cause within the expressed provisions of the policy. For, conceding everything except that the limitation clause is wholly abrogated by the added clauses,—that is, giving to the added clauses the most favorable construction that the plaintiff can claim,—it does not follow that the plaintiff could maintain the present action, much less that it was entitled to judgment for the entire amount of the claim. It is to be noticed that the plaintiff does not allege in its statement of claim that any one of these losses was not actually adjusted and payable before the expiration of twelve months from the date of the loss. For aught that is alleged the losses were due and payable at once. True, it does appear that two of them were not paid until after that time, but this is as far as the statement goes. It does not allege that adjustment of the losses, or even payment, was deferred by reason of any condition in its policy or mode of settlement adopted by it. So far as now appears, and this is as far as we are compelled to go in this stage of the case, there was no legal obstacle in the way of bringing suit, or instituting proceedings equivalent thereto, and therefore no reason for refusing to give effect to the limitation clause.

Nor is the obligation to sue within the year shaken by the terms of the paper attached to the policy at the time of can-

celation and payment of returned premium. It is therein stated, inter alia, that it is "understood and agreed that said Phila. Mutual Fire Ins. Co. is liable for all losses that may have occurred prior to this date." This agreement was executed subsequently to the dates of the fires referred to in the statement of claim. The paper is not an independent undertaking, but, as asserted by both parties, is a part of the policy sued upon and is to be so construed: Grier v. Northern Assurance Co., 183 Pa. 334. The policy remained in force in respect to losses already accrued. Among the express provisions of the policy is the limit of time for the bringing of suit.

The plaintiff company alleges in its statement that suit was first brought on this claim on July 21, 1897. This was more than twelve months after the date of the last fire. It is asserted that immediately after the suit was brought it was ascertained that the Philadelphia Mutual Fire Insurance Company had been dissolved by order of court on or about May 28, 1897. It is now contended that the intervention of the dissolution stopped the running of the contractual limitation. It is apparent that the delay in bringing the first suit was not occasioned by the dissolution since the fact of dissolution was not known to the plaintiff until after suit brought. Furthermore there is an insufficiently explained delay of nearly two years in securing the appointment of a receiver who might be made a party defendant. We are of opinion that the allegation of failure to bring suit "within twelve months next after the fire," set up in the affidavit of defense, should have prevented the entry of judgment. Without passing upon the other averments of the affidavit we reverse the judgment of the court below and award a procedendo.