# Prettyman, Appellant, *v.* Irwin.

*Statute of limitations—Affidavit of defense—Preliminary question of law—Statement of claim—Laches in filing statement—Alias summons—Practice, C. P.—Appeals—Final judgment—Act of May 14, 1915, P. L. 483.*

1. Whether a claim is barred by the statute of limitations cannot be raised in an affidavit of defense, under the Procedure Act of May 14, 1915, P. L. 483, so as to entitle the court to decide it on those averments as a preliminary question of law.

2. In determining whether or not a statement of claim has been filed in time, the question is one of laches; ordinarily the claim will be treated as abandoned, by analogy to the appropriate statute of limitations, unless the statement is filed within the statutory period after the suit is begun.

3. In such cases, however, facts and circumstances may be shown which will adequately explain the laches, and in that event the suit will not be adjudged to have been abandoned.

4. Ordinarily an alias summons must issue within the statutory period after the original, and unless this is done the rights of the parties will be the same as if the action had not been begun within the prescribed time.

5. In such cases, plaintiff cannot excuse the delay merely by showing he had not been guilty of laches; the alias writ should

be quashed unless the facts and circumstances proved, would have been sufficient to toll the running of the statute in the case of an original writ.

6. The question as to whether the claim is unenforceable, because the alias writ was not issued in time, may be preliminarily raised by a rule to show cause, founded on a petition setting forth the facts, to which an answer may be filed and depositions taken, if essential facts are disputed.

7. If it appears on the hearing of the rule that there are no essential facts in dispute, the court should make the rule absolute or discharge it as the facts may warrant; but if there is a substantial issue of fact raised, the rule should be discharged, without prejudice, and the determination thereof submitted to the jury at the same time as the trial of the other issues.

8. If the rule is made absolute, an appeal lies at once, for this is a final judgment; if it is discharged, without prejudice, no appeal will lie to the action of the court thereon; if it is discharged absolutely, this can only be reviewed after final judgment in the case and on appeal therefrom.

Argued March 21, 1922.   Appeal, No. 270, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1918, No. 3252, for defendant on pleadings, in case of Edward Prettyman v. Alexander D. Irwin, Jr. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Affidavit of defense raising question of law.   Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on pleadings.   See 30 Pa. Dist. R. 480.   Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Michael D. Hayes,* with him *Francis M. McAdams* and *William H. Wilson,* for appellant.—The statute of limitations is a defense upon facts, and must be pleaded. It cannot be made by a demurrer which raises only an issue of law: Barclay v. Barclay, 206 Pa. 307.

Where in an action under the Act of April 26, 1855, P. L. 309, death occurs August 3, 1918, writ issued November 6, 1918, returned nihil habet by sheriff; statement of claim filed October 14, 1919, served on defendant November 17, 1920; alias writ November 16, 1920, served November 17, 1920; defendant cannot invoke statute of limitations to defeat plaintiff's action: Bovaird v. Ferguson, 215 Pa. 235; Logan v. Green, 1 Pgh. 43; Curcier's Est., 28 Pa. 261; Jones v. Orum, 5 Rawle 249; Bailey v. Vehmeier, 7 W. N. C. 195; Schlosser v. Lesher, 1 Dall. 411; Fitzpatrick v. Riley, 163 Pa. 65.

It is apparent all through the cases that wherever the question has been raised as a matter of law, an answer that the original action was commenced within the statutory period is sufficient to compel defendant to abandon the plea of the statute of limitation and to rely, if he is able, upon the equitable doctrine of laches.

*Francis Chapman,* for appellee, cited: Hewitt v. Democratic Pub. Co., 271 Pa. 546; Curcier's Est., 28 Pa. 261; O'Neill's Est., 29 Pa. Superior Ct. 415.

OPINION BY MR. JUSTICE SIMPSON, April 10, 1922:

Plaintiff's wife died as the result of injuries alleged to have been caused by the negligence of defendant. Within the limitation of one year prescribed by section 2 of the Act of April 26, 1855, P. L. 309, a summons in trespass was issued and returned nihil habet; no appearance was entered and no further writ was issued until over two years later, when an alias summons was issued and duly served. The affidavit of defense alleged the action was barred because of the delay; the court below assumed that, under section 20 of the Procedure Act of May 14, 1915, P. L. 483, 486, this could be decided as a preliminary question of law, upon consideration of the above facts only, and entered judgment in favor of defendant, whereupon plaintiff took this appeal.

The judgment must be reversed.  Prior to the passage of the Act of 1915, it was held that the question, as to whether or not a plaintiff's claim was barred by the statute of limitations, could not be raised by demurrer (Heath v. Page, 48 Pa. 130; Barclay v. Barclay, 206 Pa. 307); that act does not add new subjects which can thus be preliminarily decided, but provides only that matters of law, which could theretofore be so raised, must thereafter be alleged in the affidavit of defense, which, in this respect, is simply a statutory demurrer: Hutchinson Baking Company v. Marvel, 270 Pa. 378. For this reason the Superior Court correctly decided, in a suit commenced since the passage of the act, that it would not be dismissed, as a matter of law, because the record showed it was begun after the period fixed by the statute: Carter v. Vandegrift, 74 Pa. Superior Ct. 26. A fortiori the same conclusion must be reached in proceedings like the present, where the statute is applied by analogy only.

True, the cases above referred to were actions of assumpsit and not of tort; but, so far as affects the question now under consideration, the statutes are exactly alike.  The Act of March 27, 1713, 1 Smith's Laws 76, provides that, depending on the nature of the action, suit must be brought within six years, two years or one year after the cause of action arose, "and not after"; section 2 of the Act of April 26, 1855, P. L. 309, states that, for injuries resulting in death, "the action shall be brought within one year after the death, and not thereafter"; and section 2 of the Act of June 24, 1895, P. L. 236, that for personal injuries not resulting in death, the action "must be brought within two years from the time when the injury was done and not afterwards."  The same reasoning must, therefore, apply to all suits governed by any of these statutes.

We cannot sustain plaintiff's contention, however, that laches is the determinative factor in matters like the present.  This would be so, if we were deciding

whether or not the action should be considered as abandoned, because of plaintiff's failure to file his statement of claim in time (Waring v. Penna. R. R. Co., 176 Pa. 172; Stewart v. City of Philadelphia, 240 Pa. 569); though even then abandonment will ordinarily be adjudged, by analogy to the statute, if he permits the case to sleep, without any action being taken, for a longer period than is allowed for the commencement of the suit. In these proceedings, however, circumstances may be shown which will explain the laches, and in that event the suit will not be deemed to have been abandoned: Munley v. Sugar Notch Borough, 215 Pa. 228; Edwards v. Western Maryland Ry. Co., 268 Pa. 228.

When, however, there has been a failure to issue an alias or pluries summons within the statutory period after the issuance of the immediately preceding writ, laches is not the controlling factor; on the contrary the action will abate unless facts be shown which would have been sufficient to toll the running of the statute, if the action had not been begun within the prescribed time: Jones v. Orum, 5 Rawle 249, 254; Curcier's Est., 28 Pa. 261; Neel v. McElhenny, 189 Pa. 489; Rees v. Clark, 213 Pa. 617; Bovaird & Seyfang Manufacturing Co. v. Ferguson, 215 Pa. 235. In Jones v. Orum, supra, we said that to permit an alias writ to continue the right of action for a longer period than the statutory time after the issuance of the original "would introduce all the mischief the statute of limitations was intended to guard against"; and in Bovaird & Seyfang Manufacturing Co. v. Ferguson, supra, we held that, if an alias is not issued within the statutory period after the original, "it will be considered, so far as the statute of limitations is concerned, as the commencement of the action." It necessarily follows that the cause which will excuse a delay in issuing an alias or pluries summons, must be, as stated, of as high a character as that required in order to toll the running of the statute in the case of an original writ.

It does not follow, however, that the question of the effect of plaintiff's delay in issuing the alias writ cannot be raised and decided prior to a trial on the merits. True, the usual practice, since the Procedure Acts, has been to consider it at that time; but they do not so require, either actually or by reasonable implication. Before their passage, when the statute of limitations was pleaded, plaintiff filed a replication averring the facts which he alleged operated to toll it, and to this defendant demurred, if of opinion they were not sufficient for the purpose (see Curcier's Est., 28 Pa. 261-2), and the court either sustained the demurrer and entered judgment for defendant, or overruled it, leaving the disputed facts upon this point to be determined by the jury at the trial of the issues raised in the case. Special pleading being abolished and thereby the method previously in force for raising this question in limine being done away with, but not the right to have it preliminarily decided, the courts are left free to provide an appropriate remedy, by general rule or special order (Vanatta v. Anderson, 3 Binn. 417; Waring v. Penna. R. R. Co., 176 Pa. 172), and this they may do, in the exercise of a sound discretion (Waring v. Penna. R. R. Co., 176 Pa. 172, 176, 180; Hillside Coal & Iron Co. v. Heermans, 191 Pa. 116, 121), by adopting the practice approved in the cognate case of Forrest v. Phila. Rapid Transit Co., 261 Pa. 383, 389, and granting a rule to show cause why a judgment of non pros should not be entered, because the particular writ was not issued in time. If, on the hearing thereof, the essential facts are undisputed, the rule should be made absolute or discharged as those facts warrant; but if there is an issue of fact to be decided, the rule should be discharged without prejudice, and the determination of this question submitted to the jury at the same time as the trial of the other issues, just as was the practice prior to the Procedure Acts. Thus "trial by jury shall be as heretofore and the right thereof remain inviolate"; for all that a litigant can ask, under that constitutional

provision, is to have issues of fact decided by that tribunal and not issues of law upon undisputed facts: Lawrance v. Borm, 86 Pa. 225; Smith v. Times Publishing Co., 178 Pa. 481; Nugent v. Phila. Traction Co., 183 Pa. 142.

If the rule is made absolute, an appeal lies at once, for this is a final judgment; if the rule is discharged without prejudice no appeal will lie to the action of the court on the rule, for the disputed question can be raised de novo at the trial of the case; but if the rule is discharged absolutely, the order thus entered being final as to this point but interlocutory as to the case itself, it can be reviewed but only after final judgment in the case and on appeal therefrom.

The judgment of the court below is reversed and a procedendo is awarded.