## Guinto v. Philadelphia Fire & Marine Insurance Company

*Willis E. Ruffner*, for plaintiff; *Smith, Best & Horn*, for defendant.

COPELAND, P. J., June 20, 1934.—We gather from the papers in this case that the action is one of assumpsit to recover for loss by fire upon a policy of insurance issued by the defendant company, a copy of which is attached to the plaintiff's statement of claim, being a standard form of policy in use in Pennsylvania, which was issued on June 8, 1931, for a period of 1 year expiring June 8, 1932.

This policy contained this provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy nor unless commenced within 12 months next after the fire."

The plaintiff's statement of claim shows that the fire occurred on March 20, 1932. On October 21, 1932, the plaintiff filed a præcipe for summons in assumpsit and on the same day filed his statement of claim. On the same day that the præcipe and statement of claim were filed, a summons in assumpsit was issued, made returnable to the first Monday of November 1932.

This summons did not reach the sheriff's office until after its return day, and therefore was returned by the sheriff "tarde venit". Nothing more was done in this case until January 15, 1934, on which date a præcipe for an alias summons was filed, and on the same date an alias summons in assumpsit was issued, returnable the first Monday of February 1934.

This summons was promptly placed in the hands of the Sheriff of Westmoreland County, who deputized the Sheriff of Philadelphia County to serve the writ, together with a copy of the plaintiff's statement of claim, upon one of the executive officers of the defendant company, Philadelphia Fire & Marine Insurance Company, a corporation.

This summons, together with a copy of the plaintiff's statement of claim, was served by Richard Weglein, Sheriff of Philadelphia County, on January 16, 1934, and return of service by the Sheriff of Philadelphia County made to the Sheriff of Westmoreland County, who filed his return along with the return of service of the Sheriff of Philadelphia County.

On January 24, 1934, Smith, Best & Horn, attorneys at law, filed their appearance for the defendant. On the same date, to wit, January 24, 1934, a motion and reasons for a non pros. were filed, which read as follows:

"Philadelphia Fire & Marine Insurance Company, a corporation, defendant in the above action, by its attorneys Smith, Best & Horn, moves the court to enter judgment of non pros. on the pleadings of record and in support of said motion assigns the following reasons:

"First: Plaintiff's statement of claim alleges cause of action by reason of a fire loss occurring March 20, 1932 (paragraph 8 of the statement of claim).

"Second: The liability of the defendant is asserted upon a policy of insurance attached to and made part of plaintiff's statement of claim, marked exhibit A, which provides: 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy nor unless commenced within 12 months next after the fire.'

"Third: On October 21, 1932, plaintiff filed its præcipe for summons in assumpsit returnable to the first Monday of November 1932, together with statement of claim.

"Fourth: The summons in assumpsit issued by the prothonotary on October 21, 1932, was not served but returned by the Sheriff of Westmoreland County 'tarde venit', which said return is endorsed thereon.

"Fifth: An alias summons in assumpsit was issued on January 15, 1934, and served in the manner more particularly set forth by the return of the sheriff endorsed thereon.

"Sixth: No suit or action upon the policy issued by the defendant company was commenced within 12 months next after the fire."

On the presentation of this motion to the court, a rule was granted upon the plaintiff to show cause why a judgment of non pros. should not be entered. This rule was made returnable 15 days after service.

An answer to the motion and rule was filed on February 1, 1934, which is as follows:

"Antonio Guinto, plaintiff in the above entitled action, by one of his attorneys, Willis E. Ruffner, makes answer to the motion filed by the defendant's attorney for a judgment of non pros. and the reasons assigned therefor as follows, to wit:

"First: Defendant contends that 'no suit or action upon the policy issued by the defendant company was commenced within 12 months next after the fire', losing sight of the fact that the plaintiff filed its præcipe for summons in assumpsit, together with a statement of claim, on October 21, 1932, or within 12 months succeeding the fire, which occurred on March 20, 1932.

"An original writ issued on October 21, 1932, which was placed promptly in the hands of the Sheriff of Westmoreland County, Pa.

"Second: The 12-months' period above mentioned is, according to the authorities, to be counted from the return day of the writ, original or alias, said authorities holding that alias and even pluries writs are a continuance of the original process and not the inception of a fresh suit.

"Third: Since it appears, then, that this suit was as a matter of law instituted 'within 12 months next after the fire', counsel for the plaintiff moves your honorable court to dismiss the rule granted in this case, and further that the defendant be directed to file an affidavit of defense without further delay."

With the petition and answer thus filed, the case was placed on the regular argument list beginning Monday, June 4, 1934, at which time the case was argued.

The clause in the policy providing a limitation of 12 months in which to bring suit after the date of the fire is binding on the insured, and that provision means just what it says "12 months next after the fire" causing the loss for which claim is made.

It is said, in the first paragraph of the syllabus in the case of Abolin v. Farmers American Mutual Fire Insurance Company of Bucks County, 100 Pa. Superior Ct. 433: "A clause in a policy of fire insurance providing that 'no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months after the fire,' is valid, and bars any suit or action on the policy more than twelve months after the fire".

This syllabus is fully supported by the opinion of Judge Keller and the authorities he has therein cited.

In that case, Judge Keller said (p. 435): "The period is not unreasonable; it is lawful for the parties so to contract, and such a provision is binding on them: Atlas Mutual Ins. Co. v. Downing, 12 Pa. Superior Ct. 305; Wernick v. Pittsburgh Underwriters Agency, 90 Pa. Superior Ct. 186; North Western Ins. Co. v. Phoenix Oil & Candle Co., 31 Pa. 448; Watters v. Fisher, 291 Pa. 311; King v. Ins. Co. 47 Hun. 1; Schroeder v. Keystone Ins. Co. 2 Phila. 286."

In the first paragraph of the answer to the motion and reasons for a non pros., it is stated that the original writ, issued on October 21, 1932, was placed promptly in the hands of the Sheriff of Westmoreland County. As to this fact, we have nothing but the bald statement in the answer. This statement is not accompanied by an affidavit from the prothonotary, from the sheriff, or from the attorneys themselves. The return to the original summons absolutely negatives this statement of fact.

The return of the sheriff as to this writ, as we have heretofore stated, was "tarde venit". That means, in a return to a writ, that it came into the officer's hands too late to be executed before the return day in the writ.

It does not appear any place in this record, although the summons was issued on October 21, 1932, that it ever got into the hands of an attorney to be delivered to the sheriff's office for the purpose of service or into the hands of the sheriff or anyone in his office.

It is therefore safe to conclude from the entire record in this case that this original summons reposed in the prothonotary's office until after the time it

should have been served. If it lay tranquilly in the prothonotary's office until too late to be served, there was no issuance of a writ.

Actions are commenced when the writ is sued out and delivered to the sheriff or his deputy or sent to either of them with the bona fide intention of having the same served.

Within the meaning and intent of the Act of June 1, 1887, P. L. 289, a writ of summons is sued out or issued when in pursuance of a præcipe it has been prepared by the prothonotary, marked filed, indexed, and docketed, and given to an officer of the court or the sheriff or deputy sheriff for the purpose of having the same served: Johns' Estate, 253 Pa. 532.

It is perfectly clear to the court from the facts and the law in this case that no action was commenced by the original summons issued in this case, for the reason, as we have already stated, that the writ never got into the hands of the sheriff until it was too late to be served or until after the return day of the writ.

The question now arises, did the issuing of an alias summons under the circumstances relate back to the time the original summons was issued in this case? This question can be answered by quoting from the decisions of our Supreme Court.

It was said by Mr. Justice Simpson in the case of Prettyman v. Irwin, 273 Pa. 522, 525-526: "We cannot sustain plaintiff's contention, however, that laches is the determinative factor in matters like the present. This would be so, if we were deciding whether or not the action should be considered as abandoned, because of plaintiff's failure to file his statement of claim in time . . . though even then abandonment will ordinarily be adjudged, by analogy to the statute, if he permits the case to sleep, without any action being taken, for a longer period than is allowed for the commencement of the suit."

In this connection, it must be remembered that the alias summons in the instant case was not issued until 14 months and 8 days after the return day of the original summons. It also must be remembered in this connection that the time for commencement of the action was 12 months after the date of the fire and that therefore the alias summons was not issued within the statutory period after the original summons. No action having been commenced within the 12-months' contractual period in the policy of insurance, the alias writ must be considered as the commencement of the action. The commencement of the action having gone beyond the period of limitation provided for in the policy of insurance, the action is barred by the limitation in the policy.

About these facts Mr. Justice Simpson has this to say in Prettyman v. Irwin, supra (p. 526): "When, however, there has been a failure to issue an alias or pluries summons within the statutory period after the issuance of the immediately preceding writ, laches is not the controlling factor; on the contrary the action will abate unless facts be shown which would have been sufficient to toll the running of the statute, if the action had not been begun within the prescribed time: Jones v. Orum, 5 Rawle 249, 254; Curcier's Est., 28 Pa. 261; Neel v. McElhenny, 189 Pa. 489; Rees v. Clark, 213 Pa. 617; Bovaird & Seyfang Manufacturing Co. v. Ferguson, 215 Pa. 235. In Jones v. Orum, supra, we said that to permit an alias writ to continue the right of action for a longer period than the statutory time after the issuance of the original 'would introduce all the mischief the statute of limitations was intended to guard against'; and in Bovaird & Seyfang Manufacturing Co. v. Ferguson, supra, we held that, if an alias is not issued within the statutory period after the original, 'it will be considered, so far as the statute of limitations is concerned, as the commencement of the action.' "

The latest case upon the subject, where a clause in the policy in dispute in

that case is the same as the one in the instant case, is that of Ledonne v. Commerce Ins. Co., 307 Pa. 1. It was held in that case that the word "commenced" as applied to a suit means that the action begins with the date of the issuance of the summons, and that if the summons is issued within 12 months, handed to the plaintiff's attorney, and he in good faith delivers it to the sheriff before the return day of the writ, but after the expiration of the 12 months' limitation, this is a compliance with the clause requiring the commencement of the action within 12 months.

In that case, Mr. Justice Frazer said (pp. 4, 5): "An action is deemed to have commenced when, after præcipe is filed with the prothonotary, that official, taking the first legal step on behalf of the court he represents, issues the writ of summons or other process and delivers it to a proper person so that it passes from the former's control and is in the way of being served. Here the summons was drawn by the prothonotary and delivered to plaintiff's counsel November 8, 1930, a date within the twelve months' period. Plaintiff's attorney received the writ and was a proper person to receive it. There is no question of abandonment, for within the prescribed return time, the writ was turned over to the sheriff for service and was served. Johns' Est., 253 Pa. 532, followed by the court below, has no application here, for the question there raised was whether or not a writ of sci. fa. to revive and continue the lien of a judgment on real estate had been 'issued' or 'sued out' within the meaning of the Act of March 26, 1827, P. L. 129, and its supplement of June 1, 1887, P. L. 289, when in fact, although prepared, the writ had never left the prothonotary's hands. Inasmuch as it remained under that officer's control and had not been placed in the way of being served, it was, in law, unissued."

The cases from which we have quoted clearly indicate that that portion of the contract in the policy which is the subject of inquiry in this case is held to be valid and binding on the insured as well as on the insurer; that an action is commenced after a summons is regularly issued, and the prothonotary delivers it to a proper person, such as the plaintiff's attorney or an officer of the court, placing it out of the control of the prothonotary on the way of being served; that no action is commenced even though the summons is legally and regularly issued, if it lies dormant in the prothonotary's office until after it is too late to be served before the return day or gets into the sheriff's hands after its return date; that an alias summons issued after the time provided by the provisions of the contract of insurance, where the original summons lay dormant in the prothonotary's office until too late to be served before the return day of the writ or until after the return day of the writ, will not breathe life into the proceedings for the original summons; and finally, where the alias summons is not issued within the contractual period in which the original summons could be issued, it will not be considered as the commencement of the action.

The plaintiff here slept upon his rights. He had almost 5 months after the return day of the original summons before the limitation period in the contract had lapsed to correct his failure to properly commence his action.

The cases to which we have been referred in the plaintiff's brief have no application to the instant case for the reason that at least as far as the record discloses, in each of the cases referred to the summons had been delivered to the sheriff in time for service before the return day.

The instant case is one where a summons was allowed to repose in the prothonotary's office until too late to be served before the return day.

Mr. Chief Justice Frazer, in the case of Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, clearly distinguishes it from the case of Ledonne v. Commerce

Ins. Co., 307 Pa. 1. The case of Gibson v. Pittsburgh Transportation Co., supra, only decided, where on the last day for bringing suit counsel for plaintiff filed a statement of claim, together with a præcipe for a writ of summons in trespass, paid the required fee to the prothonotary and the case was duly docketed, that even though the writ did not leave the office until after the expiration of the statutory period, the writ having been delivered to the sheriff and service made before the return day of the writ, the suit was brought within the statutory period.

Nowhere is it to be found that a summons is deemed to have been issued and an action commenced where the writ of summons remains in the control of the prothonotary and is not placed on the way to be served until too late for service before the return day or placed in the sheriff's hands after the return day. The very contrary appears. Where the summons remains in the control of the prothonotary and is not placed on the way to be served, under all the decisions there is no commencement of an action and the law regards the summons, which is the commencement of an action, as unissued.

And now, to wit, June 20, 1934, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the rule heretofore granted on January 24, 1934, to show cause why judgment of non pros. should not be entered be and the same is hereby made absolute, and further it is directed that a judgment of non pros. in the above stated case be entered in favor of the defendant and that the costs of this proceeding be paid by the plaintiff.                    From William S. Rial, Greensburg, Pa.