Richard S. Waring and Orville T. Waring, Late Partners as Waring Brothers & Co., Appellants, *v.* The Pennsylvania Railroad Company.

*Practice, C. P.—Power and discretion of court—Rules of court—Laches—Nonsuit.*

Where a summons was issued in 1879 and no other step taken until 1894, when plaintiffs filed a statement and affidavit of claim which showed that the cause of action had originated in 1873, and the defendant thereupon obtained a rule to show cause why the statement and affidavit should not be stricken off and judgment of non pros entered because of the delay of plaintiffs in proceeding with their cause, the nonsuit was properly entered; and, further, the judgment was within the power and discretion of the court below, and it will not be reviewed.

Argued Oct. 31, 1896. Appeal, No. 158, Oct. T., 1895, by plaintiffs, from judgment of C. P. No. 1, Allegheny County, December Term, 1879, No. 710, of nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Action of trespass on the case to recover damages for alleged unjust discrimination in freight rates in transportation of petroleum oil, claiming damages of $1,500,000. Before STOWE, P. J.

The facts appear by the opinion of the Supreme Court.

R. S. Waring, one of the plaintiffs, filed affidavit setting forth: that the suit in this case was brought at his instance, and he was and is the principal party in interest, and that shortly after bringing this suit he left his county and state upon

business matters requiring his attention in England, where he remained for about one year, and that he had business engagements keeping him in England and in continental Europe a large part of his time until October, 1893; that from the spring of 1887 until October, 1893, he was engaged in England or on the continent continuously, making but few casual visits to this country; that in fact he never abandoned this suit, and, on the contrary, always intended to have the same tried; that he was not aware that the pleadings were not filed, and the case duly at issue, until a short time before the declaration was filed in this case. And he says that he never directed any suspension of proceedings in this case, and has at all times desired to have the same tried, and also being aware of the fact that the defendants were in possession of nearly all of the most important evidence in the case, and that this evidence could be shown by their books and documents, the production of which this deponent shall demand of the defendant for the trial of this cause, and that in fact there is no evidence required in this cause on behalf of the defendant which the defendant has not in its possession, and can as well produce now as at any other former time, and this the defendant is well aware, as the said defendant has had suits, and been called upon to furnish evidence in relation to the same kind of claims of overcharges and extortion in the interest of the said railroad company, and of the parties which it has favored and particularly the Standard Oil Company, in whose favor, with that of a few others, the defendant has been a party to destroying a great business carried on by the plaintiffs, as well as the business of every other man like situated in Pittsburg and the oil regions.

The court entered judgment of nonsuit.

*Errors assigned* were, (1) entering judgment of nonsuit; (2) making absolute rule of defendant to show cause why the court should not quash the declaration and enter a judgment of nonsuit.

*M. A. Woodward*, with him *Shiras & Dickey* and *J. W. Lee*, for appellants.—The statute of Charles II. is not applicable to this case: Warren v. Steer, 118 Pa. 533; Johnson v. Hessel, 134 Pa. 315.

The decision of this court in Malone v. Haman, 5 W. N. C. 447, is conclusive of this case.

Delays in not moving a cause to trial are chargeable alike to both parties and neither can impute laches to the other: Wilhelm's Appeal, 79 Pa. 120; Ward v. Patterson, 46 Pa. 375; Perdue v. Taylor, 146 Pa. 163; Morford v. Cook, 24 Pa. 92.

In thirty years practice at the Pittsburg bar, in no case has any attorney had his neglect to file pleadings taken advantage of, and reasonable indulgence has always been granted when asked for; nor can any cause be found where such action as here has been taken when no injury or inconvenience could have been caused to the defendant by reason of the delay.

*William Scott,* with him *Geo. B. Gordon,* for appellee .—The courts of Pennsylvania have always recognized the existence of power to enter a judgment of non pros or turn a plaintiff out of court even after issue joined in consequence of long delay of prosecution of a cause: Huffman v. Stiger, 1 Pittsburg, 185; Biddle v. Bank, 109 Pa. 349; Foulk v. Brown, 2 W. 209; Hemphill v. McClimans, 24 Pa. 367; Morford v. Cook, 24 Pa. 92; Van Loon v. Smith, 103 Pa. 238; McClurg v. Fryer, 15 Pa. 293; Curcier's Est., 28 Pa. 261. An amendment will not be allowed to introduce a new cause of action so old as to be barred by the statute of limitations: Steffy v. Carpenter, 37 Pa. 41; Trego v. Lewis, 58 Pa. 463; Royse v. May, 93 Pa. 454; Fairchild v. Dunbar, 128 Pa. 485.

The courts below are the proper judges of the extent and application of their own rules: Snyder v. Bauchman, 8 S. & R. 336; Umberger v. Zearing, 8 S. &. R. 163; Frank v. Colhoun, 59 Pa. 381; Gannon v. Fritz, 79 Pa. 303; Wickersham v. Russell, 51 Pa. 71; Higgins v. Latimer, 165 Pa. 617.

OPINION BY MR. JUSTICE GREEN, July 15, 1896:

In this case the writ of summons was issued on November 29, 1879, and service accepted December 1, 1879. No other step was taken until on October 4, 1894, when the plaintiffs filed a statement and affidavit of claim. Thereupon the defendant obtained a rule to show cause why the statement and affidavit should not be stricken off, and a judgment of non pros entered, on account of the laches of the plaintiffs in proceeding with

their case. No narr or statement of claim was ever filed until October, 1894, almost fifteen years after the writ was issued. The cause of action averred in the plaintiffs' statement originated in November, 1873, about twenty-one years prior to the filing of the statement. During all of this long period of inaction there was nothing appearing on the record to indicate what claim was made against the defendant, or that there was any cause of action whatever. In the meantime Mr. Hampton, who had accepted service of the writ in writing in the name of his firm, had died. Mr. Dalzell, his partner, had left the practice a number of years before, and the counsel who now represent the defendant are not the counsel who accepted service of the writ nearly fifteen years before. Having carefully read and considered the ex parte affidavit made by Richard S. Waring, one of the plaintiffs, as explanatory of the delay in the proceedings, we are bound to say that there is nothing contained therein which in the least degree justifies, or excuses, the remarkable laches of the plaintiffs in pursuing their cause. They at all times retained full control over the cause and could at any time have proceeded with it in due course. Neither engagements in Europe, nor absences elsewhere, constitute any excuse for not filing a narr or statement. The affiant says he never abandoned the suit and always intended to have it tried, and never directed a suspension of proceedings. Such averments are of the most trivial and useless character. They are utterly at war with the actual facts of the situation, and as against those facts they avail nothing. If he did not direct a suspension of proceedings he certainly did suspend them, and practically abandon them, for an unprecedented period without the slightest reason or necessity.

We come then to the consideration of the mere question of the power of the court below to grant the nonsuit. In view of the undoubted facts appearing of record, it seems almost absurd to enter upon the discussion of such a question. When it is considered that a delay of only six years in the bringing of such a suit gives rise to an absolute bar to its maintenance, at the mere will of the defendant, it seems useless to consider whether the court in the exercise of its discretionary power, may not grant a nonsuit for a mere wanton delay of more than fourteen years in the prosecution of the suit. When it is further consid-

ered, that, by the rule of court now in force in Allegheny county, a delay of only three months in filing the declaration authorizes the defendant, upon the mere præcipe of his attorney, to have a judgment of non pros entered by the prothonotary, without any action of the court, or notice to the plaintiff, it is an extraordinary proposition to advance, that the court itself upon unanswerable cause shown and after a full notice to the plaintiff, may not order a nonsuit for a delay of fourteen years. If the court of common pleas may adopt and enforce a rule that the defendant may have a compulsory non pros at his own instance, after, and because of, a delay of three months in filing a narr, how can it be denied that the court itself may grant a nonsuit upon motion and a hearing, for the same cause when the delay has been protracted for fourteen years. If it has not such power it certainly has no power to make such a rule. But the power to make such a rule is not questioned and cannot be doubted. It must be remembered that in this case the power of the court below has been exercised and the nonsuit granted. If this authority is within the discretion of the court only, that discretion has been exerted and the end of the discussion has been reached. It is not pretended that there has been an abuse of discretion in granting the nonsuit. On the contrary the plaintiffs' dereliction has been so excessively flagrant that a refusal of the nonsuit might well have been regarded as an abuse of discretion.

If we turn to the authorities they are simply overwhelming. They are abundantly collected in the very able and exhaustive opinion of the learned court below, and need not be here repeated. Suffice it to say that it is there shown that the practice of the courts in compelling plaintiffs to proceed with their causes without unreasonable delay, originated in the common law before the passage of any statute, and that the statute of 13 Charles II. sec. 9, c. 2, par. 3, limiting the time within which a declaration might be filed to one year, only added legislative sanction to the already existing power of the court.

In Huffman v. Stiger, 1 Pittsb. 185, BLACK, C. J., says, " These facts raise the question whether a suit of which no notice has been taken by either party for twenty-seven years, can be revived by one of them after that time. We are clear it cannot without violating all the analogies of the law, and giving to

a false claim every advantage which it is the object of the limitations and presumptions to take from it. An unjust demand if prosecuted while it is fresh may easily be defeated by counter proof. But the witnesses may die or the papers be lost in a few years. . . . No honest man would be willing to live in a country where the law would require him to prove the actual falsehood and injustice of every stale claim which malice or cupidity might dig up against him. Hence we have statutes of limitation, and in cases to which they do not apply, we have presumptions which are equally strong. But where is the use of these wholesome regulations if a man may bring suit, suffer it to lie a quarter of a century and then revive it with the same effect as if it had been prosecuted with diligence from the beginning ? It cannot be done. When neither party makes any move in the suit for a long time, there is a natural, and should be a legal, presumption, that the dispute has been settled to the satisfaction of both. What precise length of time is required to make this presumption full and complete it is not now necessary to decide. Certainly it is less than twenty-seven years." The foregoing ruling was made in a case in which an issue was made by the pleadings in 1825 and a rule to take depositions was entered in 1826. The plaintiff's death was subsequently suggested but at what date does not appear. In 1853 an application was made to substitute the heirs in the court below, and this was refused, and that refusal was sustained by this Court.

In the case of Biddle v. Bank, 109 Pa. 349, the above cited decision was not only quoted with approval, but its reasoning and ruling were made a part of the opinion of this court delivered by Mr. Justice CLARK. Following the case of Hoffman v. Stiger, we held that although a judgment had been recovered for a large sum against the garnishee in a foreign attachment, but no further steps were taken to enforce the payment of the judgment for more than twenty years, we would presume the judgment to have been paid and would not permit a recovery in a scire facias on the judgment, on the mere ground of the delay. Meeting this question in the opinion our brother CLARK said, " It is argued however that the life and efficacy of the judgment could not in this case be impaired by mere lapse of time, owing to the continued pendency of the suit upon the scire facias ; and that as neither party during the interven-

ing period of thirty years, took any active steps towards the prosecution of the suit, no presumption of payment can fairly arise. We are not inclined to favor this view of the case. . . . In an action possessing these characteristics and exhibiting some of the qualities of an execution, the plaintiff must be regarded as the actor, and it is his plain duty to prosecute the scire facias with reasonable speed; if he suffer twenty years and upwards to elapse without taking any steps towards enforcement of his claim under the scire facias, it may well be presumed that the debt has been discharged, that all disputed matters have been adjusted, and that the proceedings are abandoned. . . . The real controversy which the record presents is, whether or not on the facts stated in the questions reserved, the proceedings upon the scire facias against the Girard Bank, are presumed to have been abandoned, and the liability of the bank extinguished. . . . No explanation whatever was made, no excuse given, for this long delay. Under such circumstances, and in such a case but one inference can be drawn. We cannot regard the mere prolonged pendency of the suit upon the scire facias, where no steps have been taken for so long a period, as a continuous assertion of claim on part of the plaintiff."

If these comments are correct in a case where a judgment had actually been obtained, with how much more force do they apply in a case where there was not only no judgment obtained, but where not even a declaration or statement of the plaintiffs' claim had ever been filed. And with how much greater force still do they apply, when it is now made to appear by the statement filed in October, 1894, that the cause of action was one that was subject to the bar of the statute at the end of six years from its inception. The full period of the statute had expired more than twice over before the declaration was filed, and if such a delay in prosecuting an action may be practiced with impunity, it is not easy to see that there is any limitation of time within which a plaintiff may harass a defendant by a mere suit without pleadings thus clouding his title, disturbing his peace and damaging his business. It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. He is the actor and must act, or fail of his action.

In Van Loon v. Smith, 103 Pa. 238, the plaintiff obtained a judgment against the defendant in August, 1855, and issued a scire facias to revive in July, 1860. Service was accepted and pleas entered in November, 1860, and no further proceedings were had until January, 1882, when the case was brought to trial. The delay was not accounted for, the plaintiff offered the record in evidence without explanation and the court below directed a verdict for the plaintiff. We held that the presumption of payment is a general one and applies as between the parties and said, " It affords in the absence of countervailing proof, an adequate and sufficient defense to the claim under the scire facias, and we think the learned court below erred in holding otherwise. Nor do we regard the issue and pendency of the suit upon the scire facias, after this lapse of time as affecting the application of the rule. It is quite true that the defendants appeared to the scire facias, entered their pleas, and formally took defense, and that at any time within the twenty-one years since elapsed, might have ordered the cause for trial; but the plaintiff enters the suit, it is his duty to prosecute, the defendant's duty to defend."

It is scarcely necessary to extend the discussion. The plaintiff cites the case of Malone v. Haman, 5 W. N. C. 447, in which there was a very long delay in filing the narr, and the defendant moved for a rule to strike off a rule to plead, which motion was refused by the court below, and the judgment was affirmed by this court in a very brief per curiam opinion. There was no rule of court in the county, Lancaster, in which the suit was brought, as to the time of filing narrs. The case was tried on its merits in the court below, and after verdict and judgment the defendant assigned for error inter alia, the refusal to strike off the rule to plead. It does not appear that any exception was taken to the refusal to strike off the rule to plead, very little was said as to this assignment on the argument, and the case of Huffman v. Stiger was not cited by the defendant, nor any other cases on this subject, nor was the subject considered in the very brief per curiam opinion filed. In such circumstances we cannot consider the ruling in that case as authority here. The absence of a rule of court would of itself make a material difference between the cases, and the omission of any serious discussion of the question now under considera-

tion would render it inapplicable.    The cases of Biddle v. Bank and Van Loon v. Smith were both decided after Malone v. Haman, and are direct and well considered authorities upon the substantial question now involved.    In Ward v. Patterson, 46 Pa. 372, we held to the same rulings, and decided that where a new trial had been granted and the plaintiff failed to move the cause to trial for nine years, he lost his right to a new trial and also lost his lien under the mechanic's lien law.    We are not referred to any authorities where the question now at issue is clearly raised in circumstances like the present.    We decide this case upon the undoubted power of the court below to make the rule of practice relating to this subject, and upon the necessarily implied power to grant the same relief upon motion and hearing, which the defendant could have had by the mere act of its counsel in directing the prothonotary to enter a non pros at any time after three months ; and also upon the further consideration that in any event, and in the best aspect of the case for the plaintiffs, the matter was within the discretion of the learned court below, and in the exercise of that discretion the decision was against the plaintiffs.

Judgment affirmed.