## McMillan v. Philadelphia Coca-Cola Bottling Company

*H. Friedman*, for plaintiff.

*H. S. Baile*, for defendant.

SMITH, P. J., March 31, 1948.—Defendant has here filed a petition for judgment of non pros.

The pleadings show that on June 26, 1945, plaintiff had issued a summons in assumpsit against defendant; that on June 2, 1945, Thomas E. Comber, Jr., Esq.,

entered his appearance for defendant; that on November 21, 1947, plaintiff filed his bill of complaint in assumpsit in which he averred that on August 12, 1943, defendant had delivered a case of soft drinks known as Coca-Cola to the employer of plaintiff, and that one of the bottles in the said case exploded, cutting the face of plaintiff. This complaint was filed and served upon defendant on February 25, 1948, after defendant had served notice on plaintiff to file a complaint on two occasions, to wit, October 23, 1947, and again on February 24, 1948. In these said notices, the attorney for defendant gave notice to the attorney for plaintiff of his intention to enter judgment of non pros for plaintiff's failure to file a complaint within one year, the second notice being in accordance with the notice served October 23, 1947. Rule 135 of the Courts of Common Pleas provides as follows:

"A judgment of non pros shall be entered by the prothonotary upon motion of defendant, if no statement of claim be filed within one year after issuing the writ; provided the motion contains a certificate by counsel for defendant that 10 days' notice of an intention to file it was served upon plaintiff or his counsel."

While this action is in assumpsit, it grows out of an alleged tort and is controlled by the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34 so that if this petition is sustained, plaintiff's cause of action is lost. However, this case is one of the most flagrant cases of neglect on the part of plaintiff or his counsel that has come to our attention. Plaintiff waited nearly two years before he had issued a summons in assumpsit. He then delayed for a period of two and one half years before filing a complaint on November 21, 1947, even though an appearance had been promptly entered for defendant. It was only after notice that a judgment for non pros would be taken that he served the bill of

complaint on defendant on February 25, 1948, or about three months after filing the complaint.

In the period of time since 1943 facts, figures and the memories of witnesses have been allowed to grow dim as the result of plaintiff's indolence and neglect. In equity and good conscience, this conduct should not be condoned as it is apparent that the case of defendant most probably would be seriously prejudiced as a result thereof.

In 5 Standard Pa. Practice §60, it is said that a non pros. or nonsuit will ordinarily be entered by analogy to the statute of limitations if plaintiff permits the case to sleep without filing a statement of claim for a period longer than that allowed for the commencement of such an action. Plaintiff waited for two and one half years before filing his bill of complaint and then only after prodding by defendant. In permitting his cause of action to sleep, it is reasonably sure that plaintiff regards his cause of action as possessing little or no merit. We see no reason for encouraging such neglect.

In Prettyman v. Irwin, 273 Pa. 522, Mr. Justice Simpson said (pp. 525, 526) :

"We cannot sustain plaintiff's contention, however, that laches is the determinative factor in matters like the present. This would be so, if we were deciding whether or not the action should be considered as abandoned, because of plaintiff's failure to file his statement of claim in time (Waring v. Penna. R. R. Co., 176 Pa. 172; Stewart v. City of Philadelphia, 240 Pa. 569) ; though even then abandonment will ordinarily be adjudged, by analogy to the statute, if he permits the case to sleep, without any action being taken, for a longer period than is allowed for the commencement of the suit. . . ."

## Order

And now, to wit, March 31, 1948, the petition of defendant for judgment of non pros is granted and rule is made absolute.