## Rocco v. Mock

*Harry B. Thatcher* and *John A. R. Welsh*, for plaintiff.

*Horace J. Culbertson* and *Harold F. Kerchner*, for defendants.

CRYTZER, P. J., December 22, 1956.—Shortly before midnight on December 18, 1944, a collision occurred between trucks owned by plaintiff and defendants on the William Penn Highway in Juniata County. At that time the weather was very bad and the highway was covered with ice and snow. Although highway workers were spreading cinders and flagging traffic in the vicinity, defendants' truck and a number of other vehicles were unable to negotiate an upgrade and were stranded on the highway. No flares were placed, but it does not appear from the record whether this was a negligent omission by defendants' agent, whether he did not have time to do so or whether it was not required because of highway employes' flagging and cindering. Plaintiff's vehicle, proceeding in the same direction (westward) as defendants', in attempting to stop, skidded into a vehicle in the eastbound lane and then into defendants' truck.

On December 18, 1950, within the six-year statute of limitations, being the last day thereof, plaintiff's counsel filed a præcipe for a writ of summons in trespass, which writ was served December 28, 1950, on defendants.

No further activity of record appears until July 22, 1952, when defendants filed a petition for judgment of non pros, alleging plaintiff's laches and abandonment of his suit by failure to file a statement of claim or complaint. The same date counsel for plaintiff accepted service of the petition, which had endorsed thereon notice to plead within 20 days, and the following rule was granted by the court:

"Now, July 22, 1952, the within Petition being presented upon due consideration thereof, a Rule is hereby awarded directed to Frank M. Rocco, Jr., to show cause why a judgment of non-pros should not be entered in favor of John A. Mock and Dennis G. Mock, individually and trading as J. A. Mock and Son, by reason of the Plaintiff's failure to file a statement of claim or complaint. Rule returnable in twenty days. Per Cur., Seiber E. Troutman, P. J."

To this day, four years and five months later, plaintiff has neglected and failed to file an answer to the said rule.

On August 29, 1952, 38 days after the issuance of the rule, plaintiff filed his complaint, to which defendants on December 24, 1952, filed preliminary objections requesting judgment of non pros, alleging the tardiness of plaintiff in filing his complaint, lack of service on defendants or their counsel subsequent to filing and plaintiff's failure to present the action in trespass which the court presumes to be failure to answer the rule.

In September of 1953, the matter was argued before President Judge Seiber E. Troutman, who had the case under advisement at the time of his death in January, 1954.

Although no valid reason appears for the long delay, the parties by their respective counsel got around to arguing their case before the present court on October 23, 1956.

*Question*

Should a judgment of non pros be granted on the record?

*Discussion*

This year in Talbot v. Delaware County Trust Co., 384 Pa. 85, 119 A. 2d 518, the Supreme Court stated: " ' "There is no fixed rule as to the length of delay that will prevent plaintiffs proceeding. It is a question of discretion controlled by the facts of the particular case, and the decision of the court below will not be reversed until there is a manifest abuse of discretion." ' " This was a statement taken from Potter Title and Trust Co. v. Frank, 298 Pa. 137, 148 A. 50, 51.

The following cases substantiate the above conclusions:

(1) Cases in which non pros was refused and the time of delay: Manson v. First National Bank in Indiana, 366 Pa. 211 (11 years); Wingert v. Anderson, 309 Pa. 402 (18 years, where delay was due to defendant); Pa. R. R. Co. v. Pittsburgh, 335 Pa. 449 (23 years, delay chargeable to defendant). (2) Cases in which non pros was granted and the time of delay: Potter Title and Trust Co. v. Frank, 298 Pa. 137 (9½ years); Prettyman v. Irwin, 273 Pa. 522 (a period longer than is allowed for the commencement of the suit); Eilenberger v. D. L. & W. R. R. Co., 6 D. & C. 170 (Judge Maxey) (within 6 years from its inception, except where delay resulted from other than plaintiff's fault); Margolis v. Blecher, 364 Pa. 234 (4 years and 9 months, where liquidation of one defendant intervened); Huffman v. Stiger, 1 Pitts. L. J. 185 (27 years); Biddle v. Bank, 109 Pa. 349 (22 years); Ward v. Patterson, 46 Pa. 372 (9 years); Waring v. Pa. R. R. Co., 176 Pa. 172 (15 years); Munley v. Sugar Notch Borough, 215 Pa. 228 (8 years); Wildermuth v. Phila. and Reading R. R., 326 Pa. 536 (13 years); Ulakovic v. Metropolitan Life Ins.

Co., 339 Pa. 571 (9 years and 3 months); Weil v. Power Bldg. & Loan Assn., 142 Pa. Superior Ct. 257 (6 years and 4 months); Alker v. The Philadelphia National Bank, 372 Pa. 327 (5 years and 4 months); Talbot v. Delaware Trust, supra (16 years, 6 months); Schoonover v. Wilkes-Barre Ry. Corp., 30 Luz. 520 (7 years), and 32 Luz. 40 (6 years); Miller v. Kresge, 23 Northumb. 1 (2 years, rule of court so provides); McAndrew v. Pa. Coal Co., 15 Luz. 246 (3 years, 9 months); Dever v. Central Pa. Quarry Co., 18 Luz. 164 (4 years, 10 months); Conroy v. Dela. L. and W. R. Co., 25 Lack. Jur. 364 (8 years); Ceccoli v. Wilkes-Barre Ry. Co., 24 Luz. 16 (4 years); Church v. MacFayden, 30 Erie 245 (7 years).

Argument of counsel is based chiefly on the questions of abandonment and laches by plaintiff. From a majority of the cases, the following general principles evolve:

1. On the grounds of laches and abandonment, it is within the discretion of the court to grant or refuse a judgment of non pros.

2. A non pros will not be entered for laches where the case is brought to trial within a period, from the start of the suit, which is equal to or less than the applicable statute of limitations for starting suit.

3. Non pros may be entered for laches for a delay from start of suit of less than the period of the statute of limitations where there is no justified reason for the delay and the delay imposes extreme hardship on defendant. (Here is where the parties clash: Defendants allege their insurance carrier became insolvent and was absorbed by their present carrier, which company has no statements or records on the case, and that the identity of all the witnesses who were highway employes is now unavailable to them, that after 12 years the recollection of *all* witnesses will be greatly dimmed and plaintiff's delay was unjustified. Plaintiff asserts

that no party died, that the witnesses available can recall the facts and his delays were justified.)

4. A non pros will not be entered where defendant caused the delay. (Plaintiff points to two occasions where defendants' counsel caused delay, once when as district attorney he was required to be before the Mifflin County Grand Jury and a second time when he visited Cuba. Defendants' counsel counters by alleging that every forward step to move the case to trial was taken by him and the multitudinous excuses of plaintiff are neither factual nor justified.)

5. Delay due to the death of a judge forms no basis for non pros. (Defendants assert plaintiff has been dilatory for nine years before the death of Judge Troutman and for nearly three years since. The present court feels that the death of the judge should not have delayed the case for more than a maximum of six months.)

Plaintiff seems to have entirely overlooked the rule granted by the court on July 22, 1952, and Pa. R. C. P. 1037, effective January 1, 1947, which was before this action was commenced. Said rule states:

"(a) If an action is not commenced by a complaint, the prothonotary, upon præcipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon præcipe of the defendant, shall enter a judgment of non pros. . . .

"(c) In all cases, the court, on motion of a party may enter an appropriate judgment against a party upon default or admission."

2 Anderson, pages 550-51, states: "It is therefore possible for the plaintiff to commence an action against a defendant and then take no further action. This may prejudice the defendant for he may desire to have the litigation determined rather than delayed. In a particular case the defendant may be exposed to

the loss or unavailability of evidence if the trial is postponed or the pendency of the action may have a harmful effect on his reputation or credit standing.

"Until a complaint is filed and served, endorsed with a notice to plead, there is no duty on the defendant to take any action."

The Pennsylvania Supreme Court endorsed this position in Rosenberg v. Silver, 374 Pa. 74, 97 A. 2d 92, by stating: " 'Persons against whom actions may be threatened have claims to judicial consideration as well as those who threaten such actions; both are equally entitled to have the controversy between them promptly adjudicated while witnesses are still available and memories are undimmed by long intervening years'."

Defendant did not follow Pennsylvania Rules of Civil Procedure 1037(a) by filing a præcipe for a rule of course on plaintiff to file a complaint. He did file with the court itself rather than with the clerk of the court, a petition for a judgment of non pros inasmuch as more than seven years had elapsed since the accident and no complaint had been filed.

In response thereto, the court on July 22, 1952, granted a rule on plaintiff to show cause why a judgment of non pros should not be entered against him for failure to file a complaint, *rule returnable in 20 days*. Plaintiff has not filed any answer to the rule *after nearly four and one half years*. He did file a complaint 38 days after accepting service of the rule, but this is not an answer to the rule, nor is it within 20 days. On December 24, 1952, some five months after the court granted the rule, defendants by preliminary objections sought judgment in accordance with the rule granted by the court.

The analogy to rule 1037(a) is clear. Defendants, by filing with the clerk of the court under rule 1037(a), would have been entitled to a judgment as of right and of course. Should they be entitled to less

because they filed with the court, had a rule granted and served on their opponent and then waited five months instead of 20 days? We think not. Rule 1037 (c) was inserted for cases of this nature.

In Manson v. First National Bank, 366 Pa. 211, the court stated: "While, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel: See Standard Pennsylvania Practice, vol. 5, pp. 78, 79, §82; Vandling v. Pittsburgh Rwys. Co., 64 P. L. J. 3."

However, the common welfare demands that *some* limitation be placed on this elasticity. In Talbot v. Delaware County Trust Co., 384 Pa. 85, 119 A. 2d 518, the Supreme Court stated: " '. . . there is no greater reflection upon the administration of justice than the permission of endless litigation'. . . ."

Even such able counsel as plaintiff has would not excuse him from failing to comply with the statute of limitations. Neither, we believe, does it excuse him from studiously ignoring a rule issued by the court without suffering the penalty therefore. Were there any reason, such as illness, or even the allegation of any reason for such failure to answer the court's rule, or a request for an extension, plaintiff would be in a less culpable position.

### Order

And now, December 22, 1956, in accordance with the foregoing opinion, the rule of Judge Troutman dated July 22, 1952, is made absolute and in accordance therewith judgment of non pros is entered in favor of John A. Mock and Dennis G. Mock, individually and trading as J. A. Mock and Son, and against Frank M. Rocco, Jr.