## Moore v. Landis

*Brown, Swope & MacPhail*, for plaintiffs.

*Bailey, Pearson & Bolton* and *Bulleit & Bulleit*, for defendant.

SHEELY, P. J., July 22, 1964.—These two actions in trespass were commenced on January 28, 1956, and February 15, 1956, by the issuance of writs of summons, service of which was accepted by defendant. No complaints have ever been filed by plaintiffs and no rules have been taken by defendant upon plaintiffs to compel the filing thereof. On January 18, 1964, defendant filed his petitions for judgments of non pros

because of the delay of plaintiffs in prosecuting their cases and their failure to file complaints. Plaintiffs have filed answers to the rules issued upon them to show cause why judgments of non pros should not be entered, and certain depositions had been taken.

The sole question presented is whether defendant is entitled to judgments of non pros without first ruling plaintiffs to file their complaints as provided by Pennsylvania Rule of Civil Procedure 1037(a), where plaintiffs have delayed nearly eight years in taking any action in the cases and have failed to file their complaint. Under that rule, if an action is not commenced by a complaint, the prothonotary, upon praecipe of defendant, shall enter a rule upon plaintiff to file a complaint. If a complaint is not then filed within 20 days after service of the rule, the prothonotary, upon praecipe of defendant shall enter a judgment of non pros.

Prior to the adoption of Pa. R. C. P. 1037, which became effective January 1, 1947, defendant would have been entitled to judgments of non pros in these cases because of the neglect and failure of plaintiffs to file their complaints and to proceed with their actions for a period of just short of eight years. The situation then existing is outlined in Glass vs. Farmers National Bank of Watsontown, 364 Pa. 186, 188 (1950) where Mr. Justice, later Mr. Chief Justice, Jones said: "Prior to the adoption of Rule 1037(a), entry of judgment of non-pros in Pennsylvania for want of timely prosecution depended upon an exercise of discretion inherent in a court by the common law which, in England, had been legislatively augmented by the statute of 13 Charles II, sec. 9, c. 2, par. 3, limiting to one year the time within which a declaration might be filed. . . . There was, however, no statute in this State bearing directly on the subject. The authority permitted courts of common pleas by sec. 23 of the Practice Act of May

14, 1915, P.L. 483 (12 P.S. 493), to adopt such rules as they deem advisable for proper enforcement of that Act merely served, in many instances, but to add legislative sanction to a practice already obtaining in some local jurisdictions in the matter of compelling the filing of a statement of claim. Not unnaturally, such rules varied widely. . . . In the absence of a rule of court in such regard, laches was the gauge by which it was determined whether a plaintiff should suffer a judgment of non-pros for failure to file his statement of claim timely. Necessarily, in such circumstances, the result in each instance depended upon the facts of the particular case. There was no fixed rule as to the length of delay that would prevent a plaintiff's proceeding. . . . In that situation, Rule 1037(a) was adopted in order to render the cognate practice both definite and uniform throughout the State."

In Waring Brothers vs. Pennsylvania Railroad Company, 176 Pa. 172, 173 (1896), the Supreme Court pointed out that:

"The full period of the statute (of limitations) had expired more than twice over before the declaration was filed, and if such a delay in prosecuting an action be practiced with impunity, it is not easy to see that there is any limitation of time within which a plaintiff may harass a defendant by a mere suit without pleadings thus clouding his title, disturbing his peace and damaging his business. It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. He is the actor and must act, or fail of his action." In Potter Title & Trust Company vs. Frank, 298 Pa. 137, 140 (1929), the court recognized that defendants could have forced the issue but that they were not bound to do so: "Why should they voluntarily incur the trouble and risk of expensive

litigation?" At page 141, the court further stated: "Nevertheless, as a general rule, where the plaintiff suffers a pending suit to remain without action on his part for over six years, it might, unless there was compelling reason therefor, be treated as abandoned and a non-pros properly entered. This conclusion finds support in recent decisions. In Prettyman vs. Irwin, 273 Pa. 522, 526, we hold, in effect, that an action will ordinarily be adjudged abandoned where plaintiff permits it to sleep for a longer period than is allowed for the commencement of the suit, unless the laches is satisfactorily explained. In Eilenberger vs. D., L. & W. R. R. Co., 6 Pa. D. & C. Rep. 170, Judge Maxey, in a well-considered opinion, after reviewing many cases, holds that as a general rule a suit should be non prossed unless brought to trial within six years from its inception." The court went further and, at page 142, stated: "Where the defendant takes steps looking to a trial upon the merits, like filing an answer, entering a plea, or taking a rule upon the plaintiff to take some action in the case, it constitutes a waiver of the laches: * * * As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence and one who sues in a representative capacity no less so that an individual."

In Ulakovic vs. Metropolitan Life Insurance Company, 339 Pa. 571 (1940), plaintiff's statement of claim and the defendant's affidavit of defense were filed in 1930. No further action was taken until 1940, when plaintiff moved for judgment for want of a sufficient affidavit of defense. On appeal from a refusal of such judgment the Supreme Court held that it was unnecessary to discuss the sufficiency of the affidavit of defense for the reason that the delay of nine years and three months after the date of filing the affidavit of defense without action by plaintiff constituted such laches as to amount to an abandonment of the case.

The court there said: "It has always been a policy of the law to expedite litigation and not to encourage long delays. From this fact arose the various statutes of limitations, and the reasons why the law is unfavorable to delayed litigation are self-evident. If any person has a right which he wishes enforced, he should enforce it promptly. The person against whom the right is to be enforced might be greatly prejudiced by plaintiff's delay. Witnesses disappear or remove to distant parts and the entire aspect of the parties on both sides may change with the lapse of time." See also Margolis vs. Blecher, 364 Pa. 235 (1950), and Alker vs. Philadelphia National Bank, 372 Pa. 327 (1953).

Did Pa. R. C. P. 1037(a) change these rules? There is nothing in the rule itself to so indicate and it is to be noted that Pa. R. C. P. 1037(c) provides that, "in all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission."

As to 1037(a), Goodrich-Amram says, §1037(a)-1:

"There is no longer any automatic time limit of delay on the part of the plaintiff which will permit the defendant to enter an automatic non-pros without notice; in every case, no matter how much time has expired, the non-pros can be entered *only* after a rule and notice to the plaintiff." This statement is absolutely correct when properly analyzed and applied. Prior to the adoption of Pa. R. C. P. 1037(a), it was possible to have a local rule of court requiring plaintiff to file his complaint within a given period of time: See Glass vs. Farmers National Bank of Watsontown, 364 Pa. 186, 188, supra. That was an "automatic" time limit and, upon failure of plaintiff to comply with it defendant could, by praecipe to the prothonotary, cause a judgment of non pros to be entered. That was "an automatic non-pros without notice." Under Pa. R. C. P. 1037(a), there can be no local rule fixing the time

within which the complaint must be filed, but defendant may at any time rule plaintiff to file his complaint within 20 days or suffer a judgment of non pros, but that does not mean that plaintiff may unduly delay proceeding with his action with impunity.

Under Pa. R. C. P. 1037(c), the court has the same discretion it had under the common law to enter an appropriate judgment against a party upon default or admission. As to this rule Goodrich-Amram says, §1037(c): "It gives a blanket authorization to the court to enter 'appropriate' judgments against *any* party upon 'default' or 'admission'. The power of the prothonotary under Rules 1037(a) and (b) is limited, and can only be exercised in ministerial fashion, where no justifiable issues are presented. The power under Rule 1037(c) extends through the whole gamut of legal power." The judgment entered under Pa. R. C. P. 1037(c) would not be an "automatic" judgment and would not be without notice to plaintiff, but would be entered only after a rule upon plaintiff and where all the facts fully justified such judgment.

To construe Pa. R. C. P. 1037(a) as establishing the only means by which a defendant could take advantage of unwarranted delay on the part of plaintiff would be a drastic change from prior practice as set forth in the cases above quoted, and would require a defendant to take an action which prior law permitted, but did not require, him to take and which, if he did take it, amounted to a waiver of the plaintiff's laches: Potter Title & Trust Co. vs. Frank, 298 Pa. 137, 142 (1929), supra. In Talbot vs. Delaware County Trust Co. 384 Pa. 85 (1956), Rule 1037(c) was applied in sustaining a judgment of non pros where plaintiff failed to file an answer to new matter contained in an amended affidavit of defense, and where neither side had placed the case on the trial list. The judgment was entered because of the laches of plaintiff and not because of the

failure to file an answer to new matter which in itself would only have resulted in an admission of the facts alleged as new matter.

The emphasis on the part of the bench and bar today is to expedite procedure and do away with the long delays which, in some counties, exist between the commencement of an action and the time of actual trial. Unless a plaintiff may be non-prossed for failing to proceed promptly with this action this emphasis would be lost.

In the present case plaintiffs admit that no action has been taken since the issuance of the summons "insofar as it relates to the records of the Prothonotary," but offer no excuses whatever and no explanation for the delay. They also admit that the actions involve an automobile accident which occurred on or about February 6, 1955, in which the drivers of both vehicles were killed and other occupants of the Moore care were injured. [Both actions are against the estate of one driver, one action being on behalf of the estate of the other driver, and the other action being on behalf of the occupants of his car.] They also allege that the only witnesses to the accident were the occupants of the Moore car and that their recollections of the events are not obscured.

Defendant alleges, and plaintiffs do not deny, that the accident was investigated by two members of the Pennsylvania State Police, one of whom has since retired, and that the official record of their investigation cannot be found since such records are not kept longer than five years, and that the recollections of the officers would not be reliable at this late date. As to this allegation plaintiffs reply merely that any facts which the investigating officers testify they recalled would be for the consideration of the jury. They thus admit that the records of the officers' investigation are not now available. The court knows from experience that members of the State Police are required to investigate

many accidents during the course of a year, and that after the passage of nine years no officer could be expected to remember any details concerning his investigation without the aid of his notes made at the time.

The loss of the officers' testimony is particularly damaging in this case since plaintiffs allege that the only witnesses were the occupants of the Moore car who are, themselves, parties plaintiff. Without the report of the official investigation defendant would be at a complete loss to offer contradictory testimony or to compare their testimony at trial with statements which the witnesses might have made immediately after the happening of the accident. Under these circumstances defendant has been greatly prejudiced by the delay of plaintiffs in bringing their cases to trial.

It is our conclusion that plaintiffs' unwarranted delay in prosecuting their cases has prejudiced defendant and has amounted to an abandonment of their causes of action, and fully justifies the entry of judgments of non pros under Pa. R. C. P. 1037(c).

And now, July 22, 1964, the rules to show cause why judgments of non pros should not be entered on behalf of defendant in the above cases are made absolute and it is ordered that judgments of non pros be entered. An exception to this order is noted on behalf of plaintiffs.