# Palmer v. Davis

C.P. of Butler County, no. 96-10178.

*Jane B. Slovonic,* for plaintiffs.
*Joann M. Jofrey,* for defendant.

SMITH, *S.J.,* July 27, 1999—This matter came before this court on defendant's motion requesting plaintiffs' complaint in civil action be dismissed.

On October 11, 1994, the plaintiffs, Gary Palmer and Donna Palmer, entered into a sale of timber contract with the defendant, Daniel Davis.

On February 26, 1996, the plaintiffs filed a civil action against the defendant arising out of the terms of the contract.

The issue before this court is whether this court would abuse its discretion in granting the defendant's motion

to dismiss the plaintiffs' complaint on the basis of the facts and law tendered to this court on the issue.

Following the filing of the civil complaint, the defendant filed an answer to the complaint. In filing the answer initially, the defendant's attorney listed an erroneous case term and number, causing the document to be misfiled. In time, this error was discovered and was corrected.

By September 4, 1996, the defendant had secured a new attorney. The defendant served interrogatories on the plaintiffs. On or about September 10, 1996, upon the defendant's motion, the court continued an arbitration hearing scheduled to try the case. The stated purpose for the continuation was to permit the defendant to employ discovery proceedings. The motion was unopposed by the plaintiffs. Continuation was granted to the defendant for the purpose of pursuing discovery. The defendant served interrogatories on the plaintiffs. The last communication between the plaintiffs and defendant was the plaintiffs' request for an extension of time to file answers to the interrogatories. The request was granted.

The plaintiffs did not file answers to the defendant's interrogatories until February 24, 1999, or 29 months after the same was served on the plaintiffs.

On March 11, 1999, the defendant in a single document filed three motions as follows: motion for protective order; motion to stay proceedings; motion to dismiss.

On March 24, 1999, the court ordered a rule to show cause against the plaintiffs to show why the requested relief should not be granted. The rule was returnable on April 28, 1999. The plaintiffs filed a timely answer to defendant's motions.

A hearing was held on the rule on April 28, 1999. The plaintiffs filed a memorandum of law in support of its position asking for dismissal. The defendant likewise filed a memorandum of law in support of its motion to dismiss. The two memorandums of law furnished by the counsel are attached to this court's memorandum and order of disposition.

The parties agree on the facts provided to the court. The parties agree on the applicable law and its current application. The court is left to decide the issue on whether or not defendant's motion for dismissal should be granted for plaintiffs' inactivity as described under the facts submitted. The defendant contends that the 29-month delay had prejudiced the defendant's case. The allegation of prejudice was that a key witness moved from the area. Further, the witness allegedly left no forwarding address. The testimony of this witness, according to the defendant, would have been helpful to the defense of his case.

On February 24, 1999, an answer to the interrogatories by the plaintiffs was filed. Two and one-half years had passed since the interrogatories had been served on the plaintiffs.

Furthermore, the defendant contends the plaintiffs have offered no compelling excuse for the delay on filing the answers to the interrogatories.

Pennsylvania courts have enunciated over 100 years that a motion to dismiss should be awarded only if it is shown that: (1) one party has shown a lack of due diligence in proceeding; (2) there was no compelling reason for the delay; (3) the delay causes some prejudice to the adverse party.

The Law

1896—*Wherry v. Pennsylvania Railroad Company,* 176 Pa. 172, 35 A. 106 (1896) In this case, the Pennsylvania courts recognized that the power to issue a judgment of non pros originated with common law.

1992—*Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) The court raised a principle of law to the level of a presumption.

Under Pennsylvania law, a court can enter a judgment of non pros upon a party demonstrating three prongs mentioned above.

In 1998, the Pennsylvania Supreme Court in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1998, held that there would no longer be presumed prejudice upon the defendant, merely because of inactivity for a period of two years or more. The case overruled the prior *Penn Piping* presumption of prejudice rule.

The third of the three-prong test needs closer examination. It must be determined that the delay has caused prejudice to the adverse party. Prejudice has been defined as "any substantial diminution of a party's ability to properly present its case at trial."

The defendant in this case argues that his witness has moved from the state. The witness unavailable is not specifically identified. The delay and prejudice caused thereby would appear to fall short of proving the third prong of prejudice. The witness was not identified nor specifics provided regarding testimony.

Accordingly, the following order is attached.

.

## ORDER

And now, to wit, July 27, 1999, the prayer of the defendant's motion to dismiss the above action is hereby denied.

---

## MEMORANDUM OF LAW

And now come the plaintiffs, Gary Palmer and Donna Palmer, his wife, by and through their attorneys, Lindsay, Martin & Associates P.C. and files the following memorandum of law.

### I. *Issue*

1. Is Dismissal for Inactivity in this Case Improper When Defendant Cannot Show any Actual Prejudice Caused by the Delay in the Proceedings?

Suggested answer: Yes.

### II. *Argument*

Plaintiffs, Gary and Donna Palmer, filed a complaint against the defendant on or about February 23, 1996. The complaint seeks damages resulting from breach of contract, conversion of timber, and negligence on the part of the defendant. The plaintiffs and defendant entered into a contract, whereby the defendant agreed to purchase and remove certain timber from the plaintiffs' property. From approximately October of 1994 until January of 1995, the defendant entered onto plaintiffs' property in order to conduct logging operations in accordance with the contract.

Basically, the plaintiffs' complaint alleges damages resulting from, among other things, the defendant cutting trees which measured under the minimum diameter prescribed by the contract, and other property damage resulting from defendant's removal of trees. Plaintiffs' complaint was filed in February of 1996, and a praecipe for an arbitration hearing had been submitted sometime in August of 1996. This matter was continued generally in September of 1996, upon defendant's motion to continue this matter generally. Answers to defendant's interrogatories were completed and forwarded in February of 1999, after which defendant filed this motion to dismiss.

To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must be: (1) a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; (2) the plaintiff must have no compelling reason for the delay; and (3) the delay must cause actual prejudice to the defendant. *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998). In *Jacobs,* the Supreme Court held that there would no longer be presumed prejudice upon the defendant, merely because of inactivity for a period of two years or more, overruling the prior *Penn Piping* presumption of prejudice rule. The court found that it was unnecessary to presume prejudice because the defendant is free to present evidence of actual prejudice. *Id.* at 1102.

Prejudice has been defined as "any substantial diminution of a party's ability to properly present its case at trial." *Id.* at 1103. Prejudice can be established by death or absence of a material witness. Defendant in this case argues that his witness has moved from the state and that he are no longer available to him, and that other wit-

nesses have no recollection of the events that gave rise to this action. However, defendant has not named which witnesses are no longer available. In any case, any expert witness which might be used is not a factual witness, and therefore recollection of the events would not be relevant. Furthermore, the parties themselves are most likely the main witnesses concerning the events which led to this lawsuit.

Defendant's logging operations on plaintiffs' property ceased in January of 1995. The statute of limitations on a breach of contract action is four years. Therefore, plaintiffs could have brought this action much later than when it was initially filed, and the recollection of the parties or witnesses would be immaterial. Defendant has suffered no prejudice, as plaintiffs had placed defendant on notice of this action in February of 1996. Defendant can show no actual prejudice resulting from plaintiffs' delay in proceeding with the case.

Because plaintiffs' delay has caused no actual prejudice to the defendant, this action should proceed according to law. As defendant in this action can show no absence of material witnesses, nor any substantial diminution of his ability to present a case at trial, defendant's motion to dismiss should be dismissed.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I. *Facts*

The parties to the instant action entered a contract for the sale (and removal) of timber on October 11, 1994.

As a result of a dispute about that contract, plaintiffs, Gary and Donna Palmer, filed a complaint in civil action on or about February 23, 1996.

Defendant, Daniel Davis, hired Attorney Thomas S. Moore. Mr. Moore became ill and failed to pursue the action. It appears that Attorney Moore may have filed an answer at 96-10175 instead of 96-10178. When defendant received a notice of intention to take a default judgment, he refiled the answer pro se and contacted the undersigned attorney.

On or about September 4, 1996, the undersigned attorney filed a motion for continuance of arbitration hearing in order to pursue discovery. That motion was unopposed. Attorney Susan S. Jackson agreed to the continuance and acknowledged "that interrogatories could be completed in a timely fashion." After the continuance was granted, Attorney Jackson requested an extension of time to answer the interrogatories. The extension was granted.

No further action on this matter was pursued by either side until February 24, 1999, when Attorney Jane B. Slovonic returned the interrogatories 29 months after receipt and proffered the plaintiffs' first set of interrogatories to defendant. In that 29-month period, at least one witness potentially helpful to the defendant has moved and the defendant does not have an address for him. (Counsel has not even been able to interview this witness.)

## II. *Question presented*

Does the court abuse its discretion by granting defendant's motion to dismiss?

Answer: No.

## III. *Discussion*

When this case was filed, the controlling law with regard to the issue of the defendant's motion to dismiss was *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). When the Supreme Court decided *Penn Piping,* it raised a principle of case law to the level of a presumption. It is well-settled law that a court could enter a judgment of non pros upon a party showing the following: (1) that one party had shown a lack of due diligence in proceedings; (2) that there was no compelling reason for the delay; and (3) that the delay caused some prejudice to the adverse party. *James Brothers Lumber Company v. Union Banking and Trust Co.,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). In *James,* the court recognized principle that had been enunciated by the courts of Pennsylvania since the last century. (See *Wherry v. Pennsylvania Railroad Company,* 176 Pa. 172, 35 A. 106 (1896). In that case, the Pennsylvania courts recognized that the power to issue a judgment non pros originated with common law.)

Historically, the ability of the court to grant a judgment non pros has little to do with the statute of limitation but is rather tied to the equitable doctrine of laches.

Although the court may have modified the rule of law enunciated in *Penn Piping,* those modifications simply go to the issue of a presumption arising and not to any type of modification of the court's equitable power. (See generally, *Jacob v. Halloran,* 551 Pa. 350, 710 A.2d 1108 (1999), and *Shope v. Eagle,* 557 Pa. 360, 710 A.2d 1104 (1998).

Butler County had adopted a local rule drawn from Pa.R.J.A. 1901(c) in Local Rule L 1901(b)(1)(i). The

prothonotary sets a general call of cases the first of September which have been inactive for a period of two years. In the instant case, the inactivity went from September 10, 1996 when Judge Doerr entered an order continuing the matter generally until late February 1999. But for the defendant's motion filed on September 4, 1996, the prothonotary of Butler County would have listed this case as inactive on September 1, 1998. In fact, this case missed being on that list by a matter of only 10 days. The plaintiffs did not decide to pursue the case until almost six months after it could have been dismissed.

The standard for review with regard to the court's ability to grant the plaintiffs' request is abuse of discretion. There are some cases that have held the standard "gross" abuse of discretion, but in reality the courts have defined gross abuse of discretion and abuse discretion as the same. See *Moore v. Moore,* 535 Pa. 18, 28 n.4, 634 A.2d 163, 168 n.4 (1994). In the instant case, for the court to grant the defendant's motion when there has been no excuse offered for the delay, and when a potentially helpful witness has been lost, the appellate court could easily rely on the case law enunciated throughout the last 100 years.

### III. *Conclusion*

Although the defendant does not come to court with the presumption that had been created in *Penn Piping,* the defendant can meet all three prongs of the test that is well-settled law in the Commonwealth and which is set out in *James Brothers Lumber Company.* Unless the plaintiffs can offer a compelling excuse for the plaintiffs' failing to prosecute this case or in any way move it along, the defendant's motion to dismiss should be granted.